UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

CASE NO.:

CYNTHIA MANNING,

Plaintiff,

v.

MAGICAL CRUISE COMPANY, LTD.
d/b/a DISNEY CRUISE LINE,

Defendant.

_________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, Cynthia Manning, by and through her undersigned counsel, hereby sues the Defendant, Magical Cruise Company d/b/a Disney Cruise Line ("Disney").

**THE PARTIES AND JURISDICTION**

1. Plaintiff, Cynthia Manning, is a citizen and resident of Florida, and is otherwise *sui juris*.

2. Disney is a subsidiary of The Walt Disney Company. It is a United Kingdom limited liability company, registered, and authorized to transact business in the State of Florida, with its principal place of business in Celebration, Florida.

3. At all times material, Plaintiff was a passenger aboard a cruise ship owned and operated by Disney, and, accordingly, was an invitee while on the *Wish.*

4. At all times material, Disney owned and operated the *Wish*, the cruise ship on which Plaintiff's incident occurred.

5. This is an action for damages which exceed Seventy-Five Thousand Dollars ($75,000) exclusive of interest, costs, and attorney's fees.

6. This Court has admiralty jurisdiction under 28 U.S.C. § 1333(1) because the incident occurred on navigable waters and relates to maritime activity.

7. Plaintiff's claims are also governed by the general maritime law of the United States as the injury occurred on navigable water and relates to maritime activity.

8. Venue is proper in this district pursuant to the forum-selection clause in the Passenger Contract Ticket issued by Disney.

9. This Court has personal jurisdiction over Disney, which maintains its principal place of business in this district, regularly conducts business in this state, and whose vessels, including the *Wish*, regularly and continuously enter United States waters, including Florida waters.

10. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and/or the laws of the State of Florida. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38 and/or the Savings to Suitors clause, Plaintiff hereby demands a jury trial on all claims asserted herein.

11. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTS COMMON TO ALL COUNTS

12. At all times material, Disney owned, operated, managed, maintained, controlled, and/or had exclusive custody of the vessel, the *Wish* (the "Vessel").

13. At all times material, Disney operated the Vessel on navigable waters.

14. At all times material, Plaintiff was a paying passenger lawfully aboard the Vessel, for a 4-night cruise voyage sailing out of Port Canaveral, Florida.

15. Plaintiff's voyage took place from November 24, 2025, through November 28, 2025.

16. On or about November 25, 2025, Plaintiff was descending the staircase (the "Subject Staircase") in the Walt Disney Theater (the "Theater") onboard the Vessel. She was in the Theater to watch entertainment provided by Disney.

17. At the time of Plaintiff's incident, the entertainment provided by Disney had not begun.

18. Suddenly, and without warning, Plaintiff was severely injured after she tripped and fell on the Subject Staircase's nosing due to the Subject Staircase's dangerous and/or defective condition(s).

19. Alternatively, Plaintiff was severely injured after she missed a step and fell due to the Subject Staircase's dangerous and/or defective condition(s).

20. Unknown to Plaintiff, at the time of her incident, the Subject Staircase contained several dangerous and defective conditions. Upon information and belief, the Subject Staircase contained dangerous and defective conditions including: 1) uneven, alternating steps; 2) inadequate lighting; 3) missing handrails; and 4) other conditions that may be revealed throughout discovery. Alternatively, upon information and belief, Plaintiff's fall was caused by the excessively bright Theater stage lights that a Disney entertainment crew member pointed directly into the crowd while guests entered the Theater, causing Plaintiff to be temporarily blinded and unable to appreciate the Subject Staircase's dangerous and/or defective conditions. As a result, the Subject

Staircase was unreasonably dangerous for use by passengers such as Plaintiff during normal and foreseeable use due to the Subject Staircase's hazardous characteristics.

21. These dangerous conditions were not open and obvious to passengers, including Plaintiff.

22. At all times material, there were no caution signs, cones, or warnings of any kind posted in the area.

23. At all times material, no Disney crew members, including the crew members stationed in and around the Theater's entrance and Subject Staircase's entrance, audibly warned Plaintiff of the Theater's blinding stage lights or the Subject Staircase's dangerous and/or defective conditions.

**DISNEY'S NOTICE**

24. At all times material, Disney knew or should have known that due to the Subject Staircase's defective condition, it was reasonably foreseeable for passengers to be injured by tripping and falling on the Subject Staircase's stair nosing and/or missing a step and falling while descending the Subject Staircase, as it occurred on the date of Plaintiff's incident.

25. At all times material, Disney knew or should have known that it was highly probable for passengers such as Plaintiff to be injured while descending the Subject Staircase, considering prior incidents occurring on Disney's vessels under similar circumstances. These prior incidents are substantially similar because they involved passengers who tripped and fell on theater stairs that upon information and belief, have a substantially similar conditions as the Subject Staircase. For instance:

a. On June 9, 2019, cruise passenger E.H. sustained severe injuries when she tripped and fell on a step in the Disney *Wonder's* theater because E.H was

unable to appreciate the dangerous, hidden conditions of the staircase and/or step. *See Herold v. Magical Cruise Company, Ltd. d/b/a Disney Cruise Line*, Case No. 05-2020-CA-029537, filed in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida. Upon information and belief, the Disney *Wonder's* theater is substantially similar to the Theater in configuration.

b. On May 7, 2024, cruise passenger R.C. sustained injuries when she tripped and fell on the stairs over a step in the Disney *Wonder's* theater. *See Colon v. Magical Cruise Company, Ltd. d/b/a Disney Cruise Line*, Case No. 6:25-cv-00729, filed in the United States District Court for the Middle District of Florida. Upon information and belief, the Disney *Wonder's* theater is substantially similar to the Theater in configuration.

26. Disney also had notice of the dangerous conditions outlined in paragraph 20 above because Disney discusses and documents hazards on its ships during shipboard meetings memorialized in meeting minutes. Disney also inspects the Theater and Subject Staircase through crew members and retained experts and contractors who generate audits and reports.

27. Further, Disney had notice of the dangerous conditions outlined in paragraph 20 above because they existed for a significant period of time to invite sufficient corrective measures. Specifically, upon information and belief, the Disney entertainment crew member tasked with controlling the stage lighting pointed the excessively bright Theater stage lights into the crowd from the time Disney opened the Theater's doors for guests to enter, until the time the entertainment show began. Further, upon information and belief, the Subject Staircase's uneven, alternating steps, inadequate lighting, and missing handrails existed since the vessel was placed into service in 2022, which is a sufficient length of time to invite corrective measures.

28. Additionally, Disney, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C, Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") Disney's walkways, including the Subject Staircase, are escape routes that Disney must maintain in a safe condition. Having uneven, alternating steps, inadequate lighting, missing handrails, and excessively bright Theater stage lights pointed directly into the crowd while guests entered the Theater violate these standards. Upon information and belief, Disney, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials. *See, e.g*., IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

29. Disney also designed, selected, installed, and/or approved the Subject Staircase and knew or should have known that uneven, alternating steps, inadequate lighting, missing handrails, and excessively bright Theater stage lights pointed directly into the crowd presented a foreseeable hazard to passengers.

30. As a result of Disney's negligence, Plaintiff tripped and fell and/or missed a step and fell aboard the Vessel, sustaining right ankle, right foot, left ankle, and left foot injuries. As a result, Plaintiff has incurred and will continue to incur significant medical expenses. In addition, Plaintiff has endured and continues to endure pain, suffering, disability, physical impairment,

disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, and loss of capacity for the enjoyment of life. These damages are permanent or continuing in nature.

**COUNT I - NEGLIGENT MAINTENANCE**

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 30, above.

31. At all times material, Disney had a duty to exercise reasonable care under the circumstances, including maintaining the Theater and Subject Staircase in a reasonably safe condition for passenger use.

32. Disney had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 24 through 29 above and incorporated herein.

33. Disney breached its duties to Plaintiff by its actions and conduct, including but not limited to:

a. Failing to maintain the Subject Staircase in a reasonably safe condition;

b. Allowing uneven, alternating steps to remain on the Subject Staircase;

c. Allowing the Subject Staircase's steps to alternate in size, length, and depth;

d. Failing to provide adequate lighting on the surface of the Subject Staircase;

e. Failing to provide handrails on the Subject Staircase;

f. Failing to use proper nosings on the steps of the Subject Staircase;

g. Failing to repair, replace, or otherwise remedy the nosings on the steps of the Subject Staircase;

h. Allowing the Theater's excessively bright stage lights to be pointed directly into the crowd while guests entered the Theater and descended the Subject Staircase;

i. Failing to inspect and test the lighting arrangement for crowd safety;

j. Failing to correct the intensity and alignment of the stage lighting so as to limit adverse effects on passengers in same position as Plaintiff;

k. Failing to adequately and regularly inspect the Theater and Subject Staircase to determine whether it was unreasonably dangerous;

l. Failing to adequately supervise the Theatre and Subject Staircase;

m. Failing to comply with applicable industry standards; and/or

n. Additional conditions, acts, and/or omissions that may be revealed throughout the course of this litigation.

34. Disney's failure to maintain the Theater and Subject Staircase in a safe manner proximately caused Plaintiff's injuries. Had Disney properly maintained and inspected the area, Plaintiff would not have tripped and fell and/or missed a step and fell aboard the Vessel, and been injured.

35. As a direct and proximate result of Disney's negligent maintenance, Plaintiff has and will continue to suffer damages in the past and in the future as described in paragraph 30 and incorporated herein.

WHEREFORE, Plaintiff demands judgment against Disney for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT II - NEGLIGENT FAILURE TO WARN**

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 30, above.

36. Disney owes a duty to exercise reasonable care under the circumstances for the safety of its passengers. It owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. Disney's duty of care includes warning of dangerous conditions onboard the *Wish*, including the Subject Staircase's uneven, alternating steps, inadequate lighting, missing handrails, and Theater's excessively bright stage lights.

37. Disney had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 24 through 29 above and incorporated herein.

38. Disney breached its duties to Plaintiff by its actions and conduct, including but not limited to:

a. Failing to provide Plaintiff with verbal or visual warnings that the Subject Staircase did not contain a handrail;

b. Failing to provide Plaintiff with verbal or visual warnings that the Subject Staircase's steps were uneven and alternated in size, length, and depth;

c. Failing to provide Plaintiff with verbal or visual warnings that the Subject Staircase did not have adequate lighting;

d. Failing to provide Plaintiff with verbal or visual warnings that the Subject Staircase's steps did not have adequate nosings;

e. Failing to provide Plaintiff with verbal or visual warnings that the Theater's stage lights were excessively bright;

f. Failing to provide Plaintiff with verbal or visual warnings that the Theater's stage lights would be pointed directly into the crowd while guests entered the Theater;

g. Failing to place warning signs, markings, and/or cones near the Theater's entrance and/or Subject Staircase's entrance to inform Plaintiff of the Theater's bright stage lights and the Subject Staircase's uneven, alternating steps, inadequate lighting, and missing handrails;

h. Failing to verbally warn approaching passengers of the Subject Staircase's trip hazard;

i. Failing to comply with applicable industry standards, statutes, and/or regulations; and/or

j. Additional conditions, acts, and/or omissions that may be revealed throughout the course of this litigation.

39. Disney's failure to properly warn Plaintiff of the dangerous conditions on board the *Wish* proximately caused Plaintiff's injuries. Had Disney properly warned Plaintiff of the dangerous conditions, she would have been aware of the Subject Staircase's tripping hazards and either avoided the hazards or would have taken precautions to avoid the hazards. Plaintiff therefore would not have tripped and fell and/or missed a step and fell aboard the Vessel, and been injured.

40. As a direct and proximate result of Disney's negligent maintenance, Plaintiff has and will continue to suffer damages in the past and in the future as described in paragraph 30 and incorporated herein.

WHEREFORE, Plaintiff demands judgment against Disney for damages recoverable under the general maritime law and state law including but not limited to economic damages including

medical and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III - NEGLIGENT DESIGN, CONSTRUCTION, AND SELECTION OF MATERIALS

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 30, above.

41. This is an action against Disney for its negligent design, construction and selection of the Subject Staircase and Subject Theater stage lights used aboard the *Wish*.

42. Disney owes a duty to exercise reasonable care under the circumstances for the safety of its passengers. Disney's duty to design, construct, and select materials for all areas and features of its vessels, including the Subject Staircase and Subject Theater stage lights, is part of Disney's duty of reasonable care under the circumstances. Disney had a duty to design, construct, and select the Subject Staircase and Subject Theater stage lights in a reasonably safe manner and in accordance with industry standards.

43. Disney has all of its ships, including the *Wish*, custom made to its own design and specifications. Disney participated in and/or approved of the design of the Subject Staircase and Subject Theater stage lights including the placement, construction, and configuration of the Subject Staircase and Subject Theater stage lights. Disney participated in and/or approved of the design, construction, and selection of the materials for the Subject Staircase and Subject Theater stage lights.

44. At all times Disney had the ultimate control over the design, construction, and selection of materials of the *Wish*. Disney had the right to inspect both the designs on paper and the design and construction at the yard. Disney had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *Wish* including the Subject Staircase and Subject Theater stage lights. Disney approved of the design, construction, and selection of the Subject Staircase and Subject Theater stage lights as demonstrated by the fact that Disney has operated and maintained the ship at all times material.

45. The Theater is a place in which it was foreseeable that passengers would descend the Subject Staircase. Disney knew or should have known that the Subject Staircase was inadequately designed due to its uneven, alternating steps, inadequate lighting, and missing handrails. Disney knew that the Subject Staircase's steps were uneven and alternated in size, length, and depth. Disney also knew or should have known that the Theater's stage lights were excessively bright when shown directly into the crowd.

46. Disney designed and/or approved the Theater's excessively bright stage lights and Subject Staircase's uneven, alternating steps, inadequate lighting, and missing handrails that would have prevented the Subject Staircase from becoming unreasonably dangerous.

47. Disney breached its duty of care owed to Plaintiff and was negligent by approving, designing, constructing, and/or selecting the Subject Staircase and Subject Theater stage lights aboard the *Wish*. Disney failed to design, construct, select and/or approve the Subject Staircase and Subject Theater stage lights that complied with industry standards. The Subject Staircase and Subject Theater stage lights that Disney approved, selected and/or used in the area were unreasonably dangerous and prone to causing fall hazards. Disney could have selected/designed

different Theater stage lights and/or selected/designed the Subject Staircase with handrails and even, well-lit stairs, but chose not to.

48. Disney also had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 24 through 29 above and incorporated herein.

49. Disney's negligent design, construction, approval, and/or selection of the Theater's stage lights and Subject Staircase caused Plaintiff's injuries. Had Disney properly designed, constructed, approved, and/or selected proper Theater stage lights and/or Subject Staircase steps, Plaintiff would not have tripped and fell and/or missed a step and fell aboard the Vessel, and been injured.

50. As a direct and proximate result of Disney's negligent maintenance, Plaintiff has and will continue to suffer damages in the past and in the future as described in paragraph 30 and incorporated herein.

WHEREFORE, Plaintiff demands judgment against Disney for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT IV – GENERAL NEGLIGENCE**
**(Vicarious Liability – Entertainment Staff in charge of Stage Lights)**

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 23, 27, and 30, above.

51. Upon information and belief, Disney assigned at least one specific crew member from the entertainment department to control the Theater's stage lights on the day and time of Plaintiff's incident.

52. At all times material, the crew member from the entertainment department who was in charge of controlling the Theater's stage lights at time of Plaintiff's alleged incident was specifically assigned the duty and responsibility of making sure the Theater's stage lights were bright enough to illuminate the Theater but not excessively bright. Further, this entertainment crew member had the duty and responsibility of ensuring that the Theater's stage lights were not pointed directly into the eyes of guests walking into the Theater, causing them to be unable to appreciate the Subject Staircase.

53. At all times material, the specific crew member from the entertainment department who was assigned to control the Theater's stage lights was acting in the course and scope of their employment with Disney.

54. Disney is vicariously liable for the negligent acts and omissions of its crew members, employees, and/or agents committed within the course and scope of their employment and/or agency, under the doctrine of respondeat superior.

55. At all times material, this crew member had a duty to act reasonably under the circumstances.

56. On November 25, 2025, this crew member acted negligently while guests entered the Theater by making the Theater's stage lights excessively bright and/or pointing the Theater's stage lights directly into the crowd while guests descended the Subject Staircase.

57. In making the Theater's stage lights excessively bright and/or pointing the Theater's stage lights directly into the crowd while guests descended the Subject Staircase, this crew member breached the duty of care owed to Plaintiff by:

a. Making the Theater's stage lights excessively bright;

b. Allowing the Theater's stage lights to be pointed directly into the crowd while guests entered the Theater;

c. Failing to adequately determine whether it was unreasonably dangerous for guests to descend the Subject Staircase with the Theater's stage light settings;

d. Failing to inspect and test the lighting arrangement for crowd safety;

e. Failing to correct the intensity and alignment of the stage lighting so as to limit adverse effects on passengers in same position as Plaintiff;

f. Failing to comply with applicable industry standards; and/or

g. Otherwise failing to exercise reasonable care in the performance of their duties.

58. The negligent acts and omissions of Disney's crew member occurred within the course and scope of their employment and/or agency with Disney, and Disney is therefore vicariously liable for the resulting harm.

59. As a direct and proximate result of Disney's negligent maintenance, Plaintiff has and will continue to suffer damages in the past and in the future as described in paragraph 30 and incorporated herein.

WHEREFORE, Plaintiff demands judgment against Disney for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement,

mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable of right.

Submitted this 20th day of August 2026.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
Counsel for Plaintiff
703 Waterford Way, Suite 1000
Miami, Florida 33126

By: /s/ *Eric M. Rice*
ERIC M. RICE
Florida Bar No.: 1039299
eric.rice@forthepeople.com
stephanie.garcia@forthepeople.com
stefan.tsapenko@forthepeople.com
Telephone: (305) 929-1900